043115/19344/JNR/DSF

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| ADAM TITUS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>C.O. KINT, et al., WEXFORD HEALTH SOURCES, NURSE SHAWNY, C.O. BAPTIST, NURSE (1) JANE DOE, NURSE (2) JANE DOE, MENTAL HEALTH (1) JANE DOE, MENTAL HEALTH (2) JANE DOE, C.O. GRESHAM, C.O. BURBAKER, C.O. (1) JOHN DOE, C.O. (2) JOHN DOE, C.O. (3) JOHN DOE, LIEUTENANT BOLAND, LIEUTENANT SMITH, C.O. T. JAHANSEN, MED-TECH JANE DOE, LIEUTENANT JOHN DOE, C.O. (4) JOHN DOE, C.O. (5) JOHN DOE, and C.O. MAURY,<br><br>　　　　　Defendants. | No. 17-cv-1249<br><br>Judge Sue E. Myerscough<br><br>Magistrate Judge Tom Schanzle-Haskins |

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT [DOC. 25]
WITH AFFIRMATIVE DEFENSES**

COME NOW the defendants, Sabrina Fox and Jodi Monroe, by and through their counsel, CASSIDAY SCHADE LLP, and pursuant to Local Rule 16.3(E)(2); the November 9, 2017, text order of this Court allowing the filing of the amended complaint; the order of May 23, 2018, allowing plaintiff to name Jodi Monroe in lieu of a Jane Doe defendant [Doc. 57]; and the Text Order of August 1, 2018, allowing Sabrina Fox to be substituted for a Jane Doe nurse, hereby submit their Answer and Affirmative Defenses to Plaintiff's Amended Complaint [Doc. 25]. In support thereof, the following statements are made.

　　1.　　Defendants, Sabrina Fox and Jodi Monroe, admit they were employees of

Wexford Health Sources, Inc. at Pontiac Correctional Center on or about January 4, 2017.

2. Defendants, Sabrina Fox and Jodi Monroe, admit jurisdiction and venue are proper in the Central District of Illinois.

3. Defendants, Sabrina Fox and Jodi Monroe, deny any act or omission on their part constitutes deliberate indifference to a serious medical need.

4. Defendants, Sabrina Fox and Jodi Monroe, deny plaintiff had a serious medical need as alleged in the Amended Complaint.

5. Defendants, Sabrina Fox and Jodi Monroe, deny any response they may or may not have made to any request of the plaintiff constituted deliberate indifference to a serious medical need.

6. Defendants, Sabrina Fox and Jodi Monroe, lack knowledge or information sufficient to form a belief about the truth of the allegations against the additional defendants.

7. Defendants, Sabrina Fox and Jodi Monroe, deny they ignored plaintiff's requests for medical attention.

8. Defendants, Sabrina Fox and Jodi Monroe, deny that plaintiff was injured by any act, omission, or delay allegedly caused by defendants.

9. Defendants, Sabrina Fox and Jodi Monroe, deny plaintiff is entitled to any relief whatsoever.

10. Defendants, Sabrina Fox and Jodi Monroe, deny plaintiff's claims are meritorious.

**DEFENDANTS DEMAND A TRIAL BY JURY**

**AFFIRMATIVE DEFENSES**

1. At all times relevant herein, defendants, Sabrina Fox and Jodi Monroe, acted in good faith in the performance of their official duties and without violating plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants, therefore, are protected from suit by the doctrine of qualified immunity.[1]

2. At all times relevant herein, defendants, Sabrina Fox and Jodi Monroe, acted in good faith and in conformity with existing precedent. They are, therefore, entitled to good faith immunity from damages. *Wyatt v. Cole*, 504 U.S. 158, 169 (1992).

3. To the extent plaintiff has failed to exhaust his administrative remedies prior to initiating bringing this action, his claims are barred by §1997e(a) of the Prison Litigation Reform Act.

4. To the extent plaintiff's claims for relief accrued more than two years prior to initiation of this case, they are barred by the applicable statute of limitations.

5. At all times relevant herein, the duties of defendants, Sabrina Fox and Jodi Monroe, were limited to those that were delegated to them by their employer and that their employer voluntarily undertook pursuant to its contract with the Illinois Department of Corrections.

**DEFENDANTS DEMAND A TRIAL BY JURY AS TO THEIR AFFIRMATIVE DEFENSES**

WHEREFORE, for the above reasons, defendants, Sabrina Fox and Jodi Monroe, respectfully request this honorable Court to deny plaintiff any relief in this

---

[1] Defendants acknowledge in *Estate of Clark v. Walker*, 865 F.3d 544, 550-51 (7th Cir. 2017), the Seventh Circuit rejected qualified immunity for contractual government employees. Defendants assert this defense to preserve it for appeal.

matter and grant defendants judgment as to all matters and any other relief deemed appropriate, including costs of suit.

        Respectfully submitted,

        SABRINA FOX and JODI MONROE,
            Defendants,

        CASSIDAY SCHADE LLP,
            Attorneys for Defendants.

        By:  /s/ Karen L. McNaught

Karen L. McNaught, #6200462
CASSIDAY SCHADE LLP
111 North Sixth Street, 2nd Floor
Springfield, IL 62701
(217) 572-1714
(217) 572-1613 (Fax)
kmcnaught@cassiday.com

**CERTIFICATE OF SERVICE**

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify the statements set forth herein are true and correct and on August 24, 2018, I caused to be electronically filed the foregoing Answer to Plaintiff's Complaint with Affirmative Defenses with the Clerk of the Court using the CM/ECF system, which sends a "Notice of E-Filing" to the following:

>Joseph Bracey
>Assistant Attorney General
>500 South Second Street
>Springfield, IL 62701
>jbracey@atg.state.il.us

and I caused to be served a true and correct copy of the foregoing Answer to Plaintiff's Amended Complaint with Affirmative Defenses to be served upon the following non-CM-ECF participant:

>Adam Titus R43512
>Stateville Correctional Center
>P.O. Box 112
>Joliet IL 60434

by having it deposited in the U.S. mail located in Springfield, Illinois, with proper postage prepaid, on September 25, 2018.

/s/ Karen L. McNaught

Karen L. McNaught, #6200462
CASSIDAY SCHADE LLP
111 North Sixth Street, 2nd Floor
Springfield, IL 62701
(217) 572-1714
(217) 572-1613 (Fax)
kmcnaught@cassiday.com

8949279 KMCNAUGH